OPINION
{¶ 1} On August 12, 2005, the Portage County Grand Jury indicted Todd D. Lorraine, appellant, on eleven counts. They were: counts one, two and three, burglary in violation of R.C.2911.12(A)(3)(C); count four, breaking and entering in violation of R.C. 2911.13(A); count five, receiving stolen property in violation of R.C. 2913.51; count six, grand theft in violation of R.C. 2913.02; count seven, theft in violation of R.C. 2913.02; count eight, carrying a concealed weapon in violation of R.C.2923.12; count nine, having a weapon under disability in violation of R.C. 2923.13(A)(1); count ten, unlawful possession of dangerous ordinance in violation of R.C. 2923.17(A); and, count eleven, assault on a law enforcement officer in violation of R.C. 2903.13.
 {¶ 2} Appellant entered a written plea of guilty to an amended version of the indictment on September 27, 2005. Counts one, two and three were reduced from felonies in the second degree to felonies in the third degree. The trial court accepted the guilty plea and referred the matter to the Adult Probation Department for a presentence investigation report.
 {¶ 3} The trial court sentenced appellant to a seven year prison term on November 10, 2005 as follows: counts one and two, three years in prison consecutive to each other and the other counts; counts three and nine, three years concurrent to each other and the other counts; counts four, five, eight and eleven, twelve months each concurrent to each other but consecutive to the other counts; and, counts six, seven and ten, nine months concurrent to each other and the other counts.
 {¶ 4} Appellant raised two assignments of error:
 {¶ 5} "1. The trial court's imposition of consecutive sentences based upon findings not made by a jury or admitted by a appellant is contrary to law and violates the appellant's right to a jury trial and due process as guaranteed by Sixth andFourteenth Amendments to the United States Constitution, and Article I, Sec. Five and Sixteen of the Ohio Constitution.
 {¶ 6} "2. The trial court's imposition of more than the minimum sentence permitted by statute based upon findings not made by a jury or admitted by a appellant is contrary to law andSixth and Fourteenth Amendments to the United States Constitution, and Article I, Sec. Five and Sixteen of the Ohio Constitution."
 {¶ 7} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignments of error are with merit.
 {¶ 8} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that R.C. 2929.14(B), (C), and (E)(4), and 2929.19(B)(2) are unconstitutional for violating theSixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 9} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B), (C), and (E)(4), and 2929.19(B)(2). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus. Further, judicial factfinding is not required before the imposition of consecutive sentences. Foster
at paragraph four of the syllabus.
 {¶ 10} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 11} The sentence of the Portage County Court of Common Pleas is vacated. This matter is remanded for resentencing and for proceedings consistent with this opinion pursuant toFoster.
Ford, P.J., O'Neill, J., concur.